IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLAKE CALLAHAN | § | |
| Petitioner, | § § § | |
| VS. | § § | NO. 3-08-CV-0377-N |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § § § § | |
| Respondent. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Blake Callahan, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to murder and was sentenced to 25 years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Callahan*, WR-66,604-01 (Tex. Crim. App. Mar. 21, 2007). Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that he received ineffective assistance of counsel which resulted in an involuntary guilty plea.

By order dated March 5, 2008, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was

invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 25 years in prison for murder. Judgment was entered on September 23, 2005, and no appeal was taken. Therefore, petitioner's conviction became final 30

days thereafter on October 24, 2005.[1] *See* TEX. R. APP. P. 26.2. Petitioner filed an application for state post-conviction relief on July 7, 2006. The writ was denied on March 21, 2007. Petitioner filed this action in federal court on February 27, 2008.

The AEDPA statute of limitations started to run on October 24, 2005, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled from July 7, 2006 to March 21, 2007, a total of 258 days, while a properly filed application for post-conviction relief was pending in state court. Even allowing for this statutory tolling period, petitioner still waited more than one year to file his federal writ. No explanation has been offered to justify or excuse this delay. Consequently, the case should be dismissed on limitations grounds.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] The 30th day after judgment was entered fell on Sunday, October 23, 2005. As a result, petitioner had until the following Monday, October 24, 2005, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

DATED: June 10, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE